IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 1, 2024

## JUSTIN ROUSE v. EMILY SULLIVAN

**Appeal from the Juvenile Court for Hamilton County
No. 297,865  Robert D. Philyaw, Judge**

_____

**No. E2023-01739-COA-R3-JV**

_____

A mother appealed a juvenile court's modification of the permanent parenting plan for her daughter.  Once briefing was complete and the case was submitted for decision, the mother voluntarily dismissed her appeal, leaving only the father's request for an award of attorney's fees incurred on appeal under Tennessee Code Annotated § 36-5-103(c).  We grant the father's request and remand for a determination of the amount of reasonable fees incurred.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded for Assessment of Attorney's Fees**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and FRANK G. CLEMENT, JR., P.J., M.S., joined.

Lisa Z. Bowman, Chattanooga, Tennessee, for the appellant, Emily Brooke Sullivan.

Jillyn M. O'Shaughnessy and Lawson Konvalinka, Chattanooga, Tennessee, for the appellee, Justin Rouse.

**OPINION**

**I.**

Justin Rouse and Emily Sullivan are the unwed parents of a daughter.  In April 2015, a juvenile court established a permanent parenting plan for them in which they enjoyed equal parenting time with their child.[1]  Just over six years later, Mr. Rouse returned to the

_____

[1] "[T]he juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings . . . to determine any custody, visitation, support, education or other issues regarding the care

juvenile court, seeking modification of the plan. He also sought custody of the child and requested that Ms. Sullivan's parenting time be either suspended or supervised.

As a preliminary matter, the juvenile court granted Mr. Rouse temporary custody and severely limited Ms. Sullivan's parenting time and ordered that it be supervised by the maternal grandfather or maternal aunt. The court also ordered Ms. Sullivan to submit to mental health and alcohol and drug assessments.

As time went on, the court increased Ms. Sullivan's parenting time with her daughter, but it ordered her to submit to drug testing as well. Her failure to fully comply with the testing requirements led the court to hold her in contempt. In conjunction with the contempt finding, the court awarded Mr. Rouse his attorney's fees.

A magistrate heard proof for the modification petition over several days. The court granted the petition to modify, finding a material change in circumstances had occurred and that a modification of the original parenting plan would be in the child's best interest. *See* Tenn. Code Ann. §§ 36-6-101(a)(2)(B), -106(a) (Supp. 2025). The modified plan named Mr. Rouse as the primary residential parent and granted Ms. Sullivan unsupervised parenting time every other weekend and one evening each week. By agreement of the parties, the modified plan was later amended to give each parent three weeks of parenting time in the summer.

Ms. Sullivan then requested a review of the record by the juvenile court judge.[2] *See id.* § 37-1-107(d)(1)(A) (2025). The judge found no abuse of discretion by the magistrate and that Ms. Sullivan's "request for review [wa]s without sufficient merit to modify the magistrate's order as amended." *See id.* § 37-1-107(d)(1)(C)-(D) (limiting the judge's review "to those matters for which exceptions have been filed" and authorizing modification only upon a "finding that an abuse of discretion exists in any or all of the magistrate's findings, conclusions, or recommendations"). So the court affirmed the ruling in its entirety, including the agreed order that modified the plan.

## II.

Ms. Sullivan appealed, raising five issues for review. The issues related both to the modification of the parenting plan and the contempt finding. For his part, Mr. Rouse requested his attorney's fees incurred on appeal under Tennessee Code Annotated § 36-5-103(c) (2021). Ms. Sullivan then moved to voluntarily dismiss her appeal. *See* TENN. R. APP. P. 15(a) (providing for dismissal of an appeal by stipulation "signed by all parties or

---

and control of children born out of wedlock." Tenn. Code Ann. § 37-1-104(f) (2025). Custody and visitation are determined in the same manner as cases of divorce or separation. *Id.* § 36-2-311(a)(9)-(10) (2021).

[2] The parties stipulated that the review should be conducted under the current law.

on motion and notice by appellant").  Mr. Rouse responded to the motion, giving notice of his intent to pursue his request for attorney's fees.  *See id.*  So we ordered the appeal to proceed solely on that issue.

Under Tennessee Code Annotated § 36-5-103(c), "[a] prevailing party may recover reasonable attorney's fees . . . from the nonprevailing party in any . . . proceeding to enforce, alter, change, or modify any . . . provision of a permanent parenting plan order, or in any suit or action concerning the adjudication of the custody or change of custody of any children, both upon the original divorce hearing and at any subsequent hearing."  Tenn. Code Ann. § 36-5-103(c).  The statute applies to parenting plan cases even where, as here, the parties were never married to one another.  *See, e.g., In re Caroline U.*, No. E2018-01951-COA-R3-JV, 2019 WL 4896860, at *4 (Tenn. Ct. App. Oct. 4, 2019); *In re McKenzie Z.*, No. M2017-00484-COA-R3-JV, 2018 WL 1508574, at *8 (Tenn. Ct. App. Mar. 27, 2018); *In re Piper H.*, No. W2015-01943-COA-R3-JV, 2016 WL 5819211, at *6 (Tenn. Ct. App. Oct. 5, 2016); *see also Colley v. Colley*, 715 S.W.3d 293, 307 (Tenn. 2025) (noting that the statute applies "to child support cases where the parties were never married to one another").  To be a prevailing party under the statute, "a decision on the merits or a material alteration in the legal relationship between the parties" is unnecessary; a party may "prevail" simply by defending and maintaining the status quo.  *Colley*, 715 S.W.3d at 314.

Like the trial court, we have the discretion to award fees under the statute.  *Id.* at 309, 315.  In exercising our discretion, the purposes behind the statute and the circumstances of the appeal should be considered.  *See id.* at 316.  Given both considerations, an award of attorney's fees to Mr. Rouse is appropriate.  One purpose of the statute is to protect a child's legal remedies by relieving the parent of the expense of pursuing the remedies on behalf of the child in court.  *Sherrod v. Wix*, 849 S.W.2d 780, 785 (Tenn. Ct. App. 1992).  Mr. Rouse moved to modify the parenting plan to shield the child from a potentially unsafe environment.  He prevailed on this point in juvenile court, and the dismissal of Ms. Sullivan's appeal preserves that result.

### III.

We remand this case to the juvenile court to determine Mr. Rouse's reasonable attorney's fees incurred on appeal to this Court and for such further proceedings as may be necessary and consistent with this opinion.

_____s/ W. Neal McBrayer_____
W. NEAL MᴄBRAYER, JUDGE
